This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO. 32,452**

**ALVIN DEAN BRUTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Kevin Sweazea, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals his conviction for driving while under the influence (DWI, 3rd offense).  We issued a notice of proposed summary disposition, proposing to

uphold the conviction. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we remain unpersuaded by Defendant's assertions of error. We therefore affirm.

{2} As an initial matter, we will address the motion to amend. Such a motion will only be granted if the issue sought to be raised is viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989).

{3} Defendant seeks to raise an issue concerning his competency, contending that the district court erred in failing to conduct an evaluation. [MIO 1, 12] However, the district courts are only required to evaluate and determine competency if the matter is duly raised, by bringing to the court's attention "a legitimate concern about the present ability of [the] defendant to consult and understand." *State v. Flores*, 2005-NMCA-135, ¶¶ 17, 19, 138 N.M. 636, 124 P.3d 1175. In this regard, Defendant relies on an isolated document within the record that reflects he was duly evaluated and found to be competent in a separate criminal proceeding at the same time that the instant matter was pending. [MIO 1; RP 64-65] Given the outcome in that parallel proceeding, we fail to see how this document could be said to raise a legitimate concern about Defendant's competency. We therefore conclude that the issue is not viable and deny the motion to amend on that basis.

{4} Turning to the merits of the remaining issues, we previously set forth our analysis at length in the notice of proposed summary disposition. We will avoid

undue reiteration here and instead focus on arguments newly advanced in the memorandum in opposition.

{5} First, Defendant renews his argument that the traffic stop that ultimately led to his arrest and conviction was not supported by probable cause. [MIO 7-9] The arrest was based on the officer's observation of impaired driving, including swerving and weaving outside the lane of traffic, together with the strong odor of alcohol about Defendant's person, Defendant's admission to having consumed a significant quantity of alcohol, and the presence of a thirty-pack of beer in Defendant's vehicle that was missing most of its cans. [DS 5-6; MIO 2-3] We remain of the opinion that these observations provided ample support for Defendant's arrest. *See, e.g.*, *State v. Sanchez*, 2001-NMCA-109, ¶¶ 8-9, 131 N.M. 355, 36 P.3d 446 (holding that an officer had probable cause to arrest the defendant for DWI based on strong odor of alcohol, bloodshot watery eyes, admission to drinking, and refusal to submit to field sobriety or chemical testing); *State v. Ruiz*, 120 N.M. 534, 535, 540, 903 P.2d 845, 846, 851 (Ct. App. 1995) (holding that probable cause existed where police observed the defendant speeding and weaving, the defendant admitted to having been drinking, the officer noticed bloodshot, watery eyes, slurred speech, and a smell of alcohol, and the results of the field sobriety tests were mixed); *cf. State v. Soto*, 2007-NMCA-077, ¶¶ 32-34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence to support a conviction for DWI even though no field sobriety tests were conducted,

3

given that the defendant had bloodshot watery eyes, slurred speech and a very strong odor of alcohol on his breath, the defendant admitted drinking, and the officers observed several empty cans of beer where the defendant had been).  We therefore reject Defendant's first argument.

{6}     Second, Defendant continues to assert that the officer's failure to re-set the breath testing apparatus to reflect that daylight savings time was in effect should have rendered the test results inadmissible.  [MIO 9]  However, based on testimony presented by the State at trial, [DS 11; MIO 4, 6] the district court appears to have duly concluded that the time error neither effected the accuracy of the test results nor reflected that the test was performed outside the applicable three-hour window.  *See generally* NMSA 1978, § 66-8-102(C)(1) (2010) ("It is unlawful for . . . a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle."); *State v. Martinez*, 2007-NMSC-025, ¶¶ 10-11, 21, 141 N.M. 713, 160 P.3d 894, (providing that the trial court must be satisfied by a preponderance of the evidence that all "accuracy-ensuring" regulations have been followed prior to admitting BAT results).  We therefore reject Defendant's second argument.

{7}     Third, Defendant renews his argument that his BAT results should have been suppressed as a consequence of the State's failure to provide him with a blood-alcohol

4

test. [MIO 9-11] However, Defendant was provided the opportunity to make arrangements for a blood draw, but he failed to do so. [DS 8, 10; MIO 5] We have previously held that nothing more is required. *State v. Jones*, 1998-NMCA-076, ¶ 24, 125 N.M. 556, 964 P.2d 117. We therefore reject Defendant's assertion that the officer should have taken additional, affirmative steps to ensure that a blood draw was performed.

{8} Fourth and finally, Defendant continues to assert that the trial court erred in admitting his BAT result, in light of Defendant's personal views about the testing apparatus. [MIO 11] However, as we previously observed, insofar as the State satisfied all foundational requirements, the BAT results were properly admitted.

{9} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{10} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**